Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

Kerron BROWN, Justin Mallory, Plaintiffs-Appellants,

v.

SIRCHIE ACQUISITION COMPANY, LLC, City of Atlanta, City of Douglasville, GA, Michael Wiskemann, Arthur Fernkorn, Defendants-Appellees.

No. 17-11258

Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(July 25, 2017)

Matthew Gebhardt, Gebhardt Law Office, Atlanta, GA, for Plaintiffs-Appellants

Gene Major, James W. Hardee, Fain Major & Brennan, PC, Atlanta, GA, Andrew G. Phillips, McGuireWoods, LLP-GA, Atlanta, GA, for Defendant-Appellee Sirchie Acquisition Company, LLC

Rita M. Cherry, Tamara Nikki Baines, City of Atlanta Law Department, Atlanta, GA, for Defendant-Appellee City of Atlanta

Harvey S. Gray, Gray Rust St. Amand Moffett & Brieske, LLP, Atlanta, GA, for Defendant-Appellee City of Douglasville, GA

Rita M. Cherry, Robert N. Godfrey, City of Atlanta Law Department, Atlanta, GA, for Defendants-Appellees Michael Wiskemann, Arthur Fernkorn

PER CURIAM:

Sirchie Acquisition Company sells drug-testing kits to the Atlanta Police Department and the Douglasville Police Department. During a traffic stop, Atlanta police used one of the kits to test baking ingredients found in Justin Mallory's car for drugs. The kit generated positive results, but later, after Mallory spent weeks in jail, forensic lab tests showed that the kit results were wrong. Similarly, the Douglasville police used one of the kits to test vitamins found in Kerron Brown's backpack for drugs, the kit generated positive results, and after Brown spent weeks in jail, forensic lab tests showed that the kit results were wrong.

Following their releases from jail, Mallory and Brown filed a complaint against Sirchie, the City of Atlanta, the City of Douglasville, and the police officers involved in Mallory's arrest—Michael Wiskemann and Arthur Fernkorn. Mallory and Brown raised a variety of claims under Georgia state law and 42 U.S.C. § 1983. They alleged products-liability claims against Sirchie; negligence, vicarious liability, and failure-to-train-and-supervise claims against Atlanta, Wiskemann, and Fernkorn; and § 1983 Monell[1] claims against Atlanta and Douglasville. The district court dismissed all the claims on the pleadings. Mallory and Brown now appeal the dismissal.

Mallory and Brown argue that the district court erred in (1) determining that Wiskemann's and Fernkorn's actions, as pleaded, were discretionary in nature, (2) finding that their complaint does not set forth sufficient allegations to support a plausible § 1983 Monell claim, and (3) de-

---

1. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

nying their motion to amend.[2] After careful consideration of these arguments, we find no reversible error. Therefore, we affirm.

**AFFIRMED.**

2. Mallory and Brown initially raised additional arguments challenging the dismissal of their claims against Sirchie. But Mallory, Brown, and Sirchie since filed a joint motion

requesting dismissal of Mallory and Brown's appeal as to Sirchie. We **GRANT** Mallory, Brown, and Sirchie's joint motion to dismiss.